IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DARRU K. "KEN" HSU, individually and as a trustee of the DARRU K. HSU AND GINA T. HSU LIVING TRUST, and on behalf of all others similarly situated,

Plaintiff,

v.

UBS FINANCIAL SERVICES, INC.,

Defendant.

No. C 11-02076 WHA

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND DENYING DEFENDANT'S MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT**

## INTRODUCTION

This order arises from a putative class action dismissed in August 2011. *Pro se* plaintiff moves to set aside the judgment in favor of defendant on the ground that the judgment is void. For the foregoing reasons, plaintiff's motion is **DENIED**. Defendant's motion to declare plaintiff a vexatious litigant is also **DENIED**.

## STATEMENT

The background of this action is set forth in prior orders (Dkt. Nos. 35, 69). In brief, in 2007 plaintiff Darru K. "Ken" Hsu entered into a wrap agreement with defendant UBS Financial Services, Inc. for investment and advisory services. Hsu then chose Horizon Asset Management as its investment manager from a list that UBS had compiled.

Prior to this federal action, Hsu, proceeding with counsel, filed a claim with the Financial Industry Regulatory Authority. After the arbitration panel dismissed all claims over which it had

jurisdiction, Hsu commenced this action against defendant under the Investment Advisers Act. Hsu's complaint alleged that defendant provided services "in its capacity as an investment advisor," but that a "hedge clause" in his agreement with defendant impermissibly required Hsu to waive certain rights under the Act (*see* Dkt. No. 17).

An August 2011 order dismissed Hsu's first amended complaint for failure to state a claim. Although the dismissal order permitted Hsu an opportunity to propose a second amended complaint, Hsu did not amend and judgment was entered in favor of defendant (Dkt. No. 35).

Shortly thereafter, Hsu appealed. During the appeal process, Hsu terminated counsel and has since proceeded *pro se*. In February 2013, our court of appeals affirmed the dismissal for failure to state a claim, and later denied an en banc hearing. The Supreme Court denied a petition for a writ of certiorari in October 2013 (Dkt. Nos. 41, 49–50, 54).

In 2014, again proceeding *pro se*, Hsu moved to set aside the judgment pursuant to FRCP 60(b)(6) and FRCP 60(d)(3). The essence of Hsu's motion was that defendant had committed fraud on the court by falsifying two documents that it proffered for judicial notice on June 3, 2011: (1) a signed agreement between Hsu and Horizon, independent of the wrap contract, and (2) the FINRA arbitration panel ruling. A March 2014 order denied Hsu's motion, finding that there was no evidence that the August 2011 dismissal order was undermined by the June 3 documents, nor was there evidence that the dismissal order restricted Hsu's access to proper judicial review. Our court of appeals affirmed the denial of the motion, and the Supreme Court denied a petition for writ of certiorari (Dkt. Nos. 57, 69, 74–79).

Through the instant motion, Hsu again moves to set aside the judgment, this time pursuant to FRCP 60(b)(4). Defendant, in turn, moves to have Hsu declared a vexatious litigant (Dkt. Nos. 80–81). This order follows full briefing and oral argument.

**ANALYSIS**

**1. MOTION TO SET ASIDE JUDGMENT.**

FRCP 60(b)(4) allows federal courts to vacate judgments which are "void." A final judgment is "void" for purposes of FRCP 60(b)(4) "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that

deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).[1]

Through the instant motion, Hsu maintains that his complaint should not have been dismissed and attacks the March 2014 order denying his motion to set aside the judgment pursuant to FRCP 60(b)(6) and 60(d)(3). Although difficult to understand, Hsu sets forth three primary arguments as to why the judgment is void.

*First*, Hsu argues that dismissing this action violated his Seventh Amendment and due process rights. As in his prior motion to set aside the judgment, Hsu alleges that defendant falsified two documents submitted in connection with its motion to dismiss — the Horizon Agreement and the FINRA arbitration panel ruling — and argues that the 2011 dismissal order improperly relied on these materials. Hsu also appears to contend that the dismissal order improperly considered these materials without converting defendant's FRCP 12(b)(6) motion into a motion for summary judgment. As a result of this additional failure, Hsu argues, he lacked standing and the district court "lost Article III jurisdiction."

These contentions are incorrect. As explained in the March 2014 order denying Hsu's first motion to set aside the judgment, although defendant submitted a request for judicial notice in connection with its motion to dismiss, the dismissal order neither explicitly noticed the documents nor relied on them in dismissing the complaint. Moreover, Hsu wholly fails to explain how this purported error relates to Article III standing.

*Second*, Hsu contends that the dismissal order violated his due process rights by "shift[ing] the burden to plaintiff for proving the wrong in a re-pleading order." Not so. As also explained in the March 2014 order, the dismissal order did not shift any burden to Hsu that was not already there.

*Third*, Hsu contends that the dismissal order "eliminated the regulatory compliance documents" attached to the complaint and, as a result, the district court lacked subject-matter jurisdiction under the Investment Advisors Act. Hsu cites no authority to support his claim that

---

[1] Although FRCP 60(c)(1) generally requires that motions under FRCP 60(b) be brought "within a reasonable time," there is no time limit on a motion to set aside a judgment as void. *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir.1987).

3

subject-matter jurisdiction was lacking. Hsu filed his claims pursuant to a federal statute and the district court therefore had subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

For these reasons, Hsu has failed to establish that relief from judgment is warranted. His motion to set aside the judgment as void is accordingly **DENIED**.[2]

### 2. MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT.

A request to declare a party a vexatious litigant entails consideration of four factors: (1) the party must have had adequate notice and a chance to be heard; (2) there must be an adequate record for review, including a list of all cases and motions that led the court to conclude that a vexatious litigant order was necessary; (3) the court must make a substantive finding as to the frivolous or harassing nature of the litigant's actions; and (4) the order must be narrowly tailored to fit the particular problem involved. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). Under the third factor, courts must examine "both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Id.* at 1059. An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must be both numerous and patently without merit. *Ibid.*

Defendant moves to declare Hsu a vexatious litigant based on his filings in this action and related appellate proceedings. Defendant contends that Hsu continues to file frivolous motions despite the fact that final judgment has been entered against him. As examples, defendant cites miscellaneous motions Hsu has filed in our court of appeals, such as a complaint for judicial misconduct and a motion for "manifest injustice."

While some of Hsu's filings are difficult to comprehend and he has consistently sought final appellate review of this Court's orders, the current record fails to demonstrate that these motions were so numerous and abusive so as to require declaring Hsu a vexatious litigant. Defendant's motion is accordingly **DENIED**.

---

[2] In his motion, Hsu also requests that (1) "the court [ ] decide a presiding judge and jury trial for this FRCP 60(b)(4) motion," (2) "the court [ ] exercise the criminal jurisdiction under Sec. 11 of the Judiciary Act of 1789," and (3) defendant be ordered to produce various records related to wrap agreements entered into with third parties. Because these requests do not concern the district court's jurisdiction or its authority to enter the judgment, these arguments are not cognizable in a FRCP 60(b)(4) motion and they are **DENIED**.

4

Hsu is warned, however, that he has no right to file frivolous and harassing motions, and that doing so violates FRCP 11. Hsu is further advised that FRCP 11 applies equally to attorneys and *pro se* litigants alike. *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994). If Hsu continues with unmeritorious litigation, he will soon be declared a vexatious litigant.

## CONCLUSION

Based on the foregoing, Hsu's motion to set aside the judgment is **DENIED**. Defendant's motion to declare Hsu a vexatious litigant is also **DENIED**.

**IT IS SO ORDERED.**

Dated: April 6, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE