United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRU K. "KEN" HSU, individually and as a trustee of the DARRU K. HSU AND GINA T. HSU LIVING TRUST, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UBS FINANCIAL SERVICES, INC.,<br><br>Defendant. | No. C 11-02076 WHA<br><br>**ORDER RE MOTIONS FOR RECONSIDERATION, SUMMARY JUDGMENT, TRANSFER OF JURISDICTION, SANCTIONS, AND TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT** |

**INTRODUCTION**

This order arises from a putative class action dismissed in August 2011. *Pro se* plaintiff moves for reconsideration of a prior order and defendant moves to declare plaintiff a vexatious litigant. For the reasons explained below, all motions are **DENIED**.

**STATEMENT**

The background of this action is set forth in prior orders (Dkt. Nos. 35, 69). In brief, plaintiff Darru K. "Ken" Hsu entered into a wrap agreement with defendant UBS Financial Services, Inc. for investment and advisory services. Prior to this federal action, Hsu, proceeding with counsel, filed a claim with the Financial Industry Regulatory Authority. After the arbitration panel dismissed all claims over which it had jurisdiction, Hsu commenced this action under the Investment Advisers Act, alleging that defendant provided services "in its capacity as an investment advisor," but that a "hedge clause" in his agreement with defendant impermissibly required Hsu to waive certain rights under the Act (*see* Dkt. No. 17).

An August 2011 order dismissed Hsu's first amended complaint for failure to state a claim. Although the dismissal order permitted Hsu an opportunity to propose a second amended complaint, Hsu did not amend and judgment was entered in favor of defendant. Shortly thereafter, Hsu appealed. During the appeal process, Hsu terminated counsel and has since proceeded *pro se*. In February 2013, our court of appeals affirmed the dismissal for failure to state a claim, and later denied an en banc hearing. The Supreme Court denied a petition for a writ of certiorari in October 2013 (Dkt. Nos. 35, 41, 49–50, 54).

In 2014, again proceeding *pro se*, Hsu moved to set aside the judgment pursuant to FRCP 60(b)(6) and FRCP 60(d)(3). The essence of Hsu's motion was that defendant had committed fraud on the court by falsifying two documents that it proffered for judicial notice on June 3, 2011: (1) a signed agreement between Hsu and Horizon, independent of the wrap contract, and (2) the FINRA arbitration panel ruling. A March 2014 order denied Hsu's motion, finding that there was no evidence that the August 2011 dismissal order was undermined by the June 3 documents, nor was there evidence that the dismissal order restricted Hsu's access to proper judicial review. Specifically with respect to plaintiff's claim of falsification, the 2014 order found that plaintiff had failed to clearly and convincingly demonstrate fraud on the court under FRCP 60(d)(3) because, among other things, the 2011 dismissal order did not rely on either document in dismissing Hsu's complaint. Our court of appeals affirmed the denial of the motion, and the Supreme Court denied a petition for writ of certiorari (Dkt. Nos. 57, 69, 74–79).

In February 2018, Hsu again moved to set aside the judgment, this time pursuant to FRCP 60(b)(4), but primarily based on the same argument that defendant falsified documents submitted in connection with its motion to dismiss and that the 2011 dismissal order had improperly relied on these materials without converting the motion to dismiss into a motion for summary judgment. Defendant, in turn, moved to have Hsu declared a vexatious litigant. An April 2018 order denied both motions, finding that Hsu had failed to establish that relief from judgment was warranted and that the record failed to demonstrate that Hsu was vexatious litigant (Dkt. Nos. 80–81, 87).

Hsu now brings a motion for reconsideration of the April 2018 order, rearguing the same arguments he raised in his motion to set aside the judgment pursuant to FRCP 60(b)(4). He also

2

moves to "transfer jurisdiction" and to disqualify the undersigned judge. Defendant again moves to declare Hsu a vexatious litigant (Dkt. Nos. 89–92). This order follows full briefing and oral argument.

## ANALYSIS

### 1. MOTION FOR RECONSIDERATION.

This order treats Hsu's motion for "reconsideration and summary judgment" as a motion for reconsideration. Hsu's motion merely repeats arguments that have already been rejected in prior orders, namely that (1) the Court lacked subject-matter jurisdiction over the complaint, (2) defendant falsified two documents submitted in connection with its motion to dismiss, and (3) the 2011 dismissal order relied on these falsified materials and improperly failed to convert defendant's FRCP 12(b)(6) motion into a motion for summary judgment. Because Hsu merely repeats arguments previously rejected and fails to show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989), the motion for reconsideration is **DENIED**.

### 2. MOTION TO DISQUALIFY.

Under Section 455 of Title 28 of the United States Code, a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," or, among other circumstances, where he has a "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." The applicable standard is whether "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). Hsu fails to provide any basis on which a reasonable person would conclude that the undersigned's impartiality might reasonably be questioned or otherwise indicate any bias or prejudice. The motion to disqualify is **DENIED**.

### 3. MOTION TO TRANSFER.

Hsu next seeks to "transfer jurisdiction," although it is unclear to which court he would like this action to be transferred. Because Hsu fails to provide an appropriate basis to transfer this closed action, the motion is **DENIED**.

### 4. MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT.

This is defendant's second request to declare Hsu a vexatious litigant. The April 2018 order denied defendant's first request on the ground that the record failed to demonstrate that Hsu's motions were so numerous and abusive so as to require a pre-filing order. The April 2018 warned Hsu, however, "that he ha[d] no right to file frivolous and harassing motions, and that doing so violates FRCP 11." The order also warned Hsu that if he "continue[d] with unmeritorious litigation, he [would] soon be declared a vexatious litigant."

Since that time, nearly a year has passed and the only motions filed by Hsu are those addressed herein. Although Hsu's latest filing is certainly duplicative and repetitive, this order cannot conclude that Hsu's conduct has been sufficiently abusive to warrant a pre-filing order. This, however, will be Hsu's final warning. Should he file *any* new filings that are duplicative of those that have already been definitively resolved in this case, he will be declared a vexatious litigant and will be required to submit for pre-filing review any *pro se* papers filed in this district against or having to do with defendant or any of its current or former employees.[1]

### CONCLUSION

Based on the foregoing, Hsu's motion for reconsideration, to transfer, and to disqualify, as well as his request for sanctions against defense counsel, are **DENIED**. Defendant's motion to declare Hsu a vexatious litigant is also **DENIED**.

**IT IS SO ORDERED.**

Dated: March 21, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[1] In opposing defendant's motion to declare him a vexatious litigant, Hsu moves for sanctions against defense counsel. The request for sanctions in unmeritorious and is **DENIED**.

4