UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARRU K HSU,

        Plaintiff,

  v.

UBS FINANCIAL SERVICES, INC.,

        Defendant.

No. C 11-02076 WHA

**ORDER RE MOTION FOR WRIT**

**INTRODUCTION**

This order arises from a putative class action dismissed in August 2011. *Pro se* plaintiff moves for a writ under the All Writs Act. For the reasons stated below, the motion is **DENIED**.

**STATEMENT**

The background of this case is set forth in prior orders (Dkt. Nos. 35, 69). In short, *pro se* plaintiff Darru K. "Ken" Hsu entered into a wrap agreement with defendant UBS Financial Services, Inc. for investment and advisory services. In April 2011, Hsu commenced this action under the Investment Advisers Act, alleging that defendant provided services "in its capacity as an investment advisor," but that a "hedge clause" in his agreement with defendant impermissibly required him to waive certain rights under the Act (*see* Dkt. No. 17). An August 2011 order dismissed Hsu's first amended complaint for failure to state a claim. Although the dismissal order permitted Hsu an opportunity to propose a second amended complaint, Hsu did not amend. Judgment was ultimately entered in defendant's favor. Hsu

appealed. In February 2013, our court of appeals affirmed the dismissal, and later denied an en banc hearing. The Supreme Court denied a petition for a writ of certiorari in October 2013.

In 2014, Hsu moved to set aside the judgment under FRCP 60(b)(6) and FRCP 60(d)(3). A March 2014 order denied the motion. Our court of appeals affirmed the denial of the motion, and the Supreme Court denied a petition for writ of certiorari (Dkt. Nos. 57, 69, 74–79).

In 2018, Hsu again moved to set aside the judgment under FRCP 60(b)(4) based primarily on the same arguments he previously used. An April 2018 order denied the motion (Dkt. Nos. 80, 87).

In 2019, Hsu moved for reconsideration of the April 2018 order, making arguments similar to those he previously made. A March 2019 order denied the motion. Our court of appeals affirmed the ruling and the Supreme Court denied a petition for writ of certiorari (Dkt. Nos. 101, 103, 106).

Hsu now moves under the All Writs Act for a writ to certify a class and appoint class counsel. The Defendant, if served, has not filed any opposition.

**ANALYSIS**

Similar to his previous motions, defendant alleges that defendant falsified two documents in connection with a previous motion to dismiss: (1) a signed agreement between Hsu and Horizon, independent of the wrap contract, and (2) the FINRA arbitration panel ruling. He also again alleges that the 2011 dismissal order had improperly relied on these materials without converting the motion to dismiss into a motion for summary judgment.

The All Writs Act authorizes a federal court "to issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *United States v. New York Telephone Co.*, 434 U.S. 159, 172 (1977).

"Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Pennsylvania Bureau of Correction v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985). Thus although the Act allows federal courts to fashion

extraordinary remedies when there is a need, "it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate." *Ibid.*

Although difficult to understand, Hsu seems to argue that a writ should be granted because the 2011 dismissal order relied on allegedly fraudulent documents and that the motion itself should have been converted to a summary judgment motion because of those documents. Hsu thus seems to be requesting reconsideration of the dismissal order, which was already denied. Furthermore, the requested remedy is exactly what *Pennsylvania Bureau* cautioned against. Here, there are already specific rules that govern these issues. For example, FRCP 12(b) provides the rules regarding motions to dismiss and when conversion to summary judgment is appropriate, all of which was considered in the 2011 order. The Federal Rules of Civil Procedure thus control, and just because plaintiff believes the outcome is inconvenient or against his wishes, it does not grant this Court the authority to issue the extraordinary remedy of a writ and circumvent these rules.

The motion for a writ is thus **DENIED.** The September 17 hearing is **VACATED.** The Clerk shall **CLOSE** the file.

**IT IS SO ORDERED.**

Dated: September 8, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3