UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARRU K HSU,

    Plaintiff,

v.

UBS FINANCIAL SERVICES, INC.,

    Defendant.

No. C 11-02076 WHA

**ORDER TO SHOW CAUSE AND ORDER RE PLAINTIFF'S FRCP 54(b) MOTION**

## INTRODUCTION

In this putative class action, which a prior order dismissed in August 2011, *pro se* plaintiff once again moves for relief. For the reasons that follow, *pro se* plaintiff's motion under FRCP 54(b) is **DENIED**. Plaintiff is **ORDERED TO SHOW CAUSE** why he should not be deemed a vexatious litigant.

## STATEMENT

The background of this case is set forth in our prior orders (Dkt. Nos. 35, 69, 94, 110). In brief, plaintiff Darru Hsu entered into a wrap agreement with defendant UBS Financial Services, Inc. for investment and advisory services. Hsu brought this action under the Investment Advisors Act, alleging that defendant provided services "in its capacity as an investment advisor," but that a "hedge clause" in his agreement with defendant impermissibly required Hsu to waive certain rights under the Act (*see* Dkt. No. 17).

1    An August 2011 order dismissed Hsu's first amended complaint for failure to state a
2    claim. Although the dismissal order permitted Hsu an opportunity to propose a second
3    amended complaint, Hsu did not amend and judgment was eventually entered in favor of
4    defendant. Shortly thereafter, Hsu appealed. During the appeal process, Hsu terminated
5    counsel and has since proceeded *pro se*. In February 2013, our court of appeals affirmed the
6    dismissal for failure to state a claim, and later denied an en banc hearing. The Supreme Court
7    denied a petition for a writ of certiorari in October 2013 (Dkt. Nos. 35, 41, 49–50, 54).

        In January 2014, Hsu moved to set aside the judgment pursuant to FRCP 60(b)(6) and FRCP 60(d)(3). The motion was denied by a March 2014 order. In May 2017, our court of appeals denied an en banc rehearing, and noted that no further filings will be entertained in this closed case. The Supreme Court denied a petition for rehearing in December 2017 (Dkt. Nos. 57, 69, 74–79).

        In February 2018, Hsu again moved to set aside the judgment pursuant to FRCP 60(b)(4). Defendant, in turn, moved to have Hsu declared a vexatious litigant. An April 2018 order denied both motions, finding that Hsu had failed to establish that relief from judgment was warranted and that the record failed to demonstrate that Hsu was a vexatious litigant. The order, however, warned Hsu that he would soon be declared a vexatious litigant if he continues with unmeritorious litigation (Dkt. Nos. 80–81, 87).

        In January 2019, Hsu moved for reconsideration of the April 2018 order, and to "transfer jurisdiction" and to disqualify the undersigned judge. Defendant again moved to declare Hsu a vexatious litigant (Dkt. Nos. 89–92). A March 2019 order denied both motions, but also sent a final warning: should Hsu file *any* new filings that are duplicative of matters that have already been definitively resolved in this case, he would be declared a vexatious litigant (Dkt. No. 94). In October 2019, our court of appeals denied Hsu's motion for reconsideration, and again noted that no further filings will be entertained in this closed case. In April 2020, the Supreme Court denied a petition for writ of certiorari (Dkt. Nos. 97, 101–106).

        In August 2020, Hsu moved for a writ to certify a class and appoint class counsel under the All Writs Act. A September 2020 order denied the motion (Dkt. Nos. 107, 109–110). An

order filed on the same day entered judgment in favor of defendant and against plaintiff (Dkt. No. 111). Hsu moved for leave to file a motion for reconsideration of the order denying his motion for writ. A November 2020 order denied the motion (Dkt. No. 113).

Hsu now files a motion under FRCP 54(b) (Dkt. No. 114). The defendant, if served, has not filed any opposition.

## ANALYSIS

### 1. FEDERAL RULE OF CIVIL PROCEDURE 54(b).

Similar to many of plaintiff's previous motions, the essence of the current motion is that defendant falsified documents submitted in connection with its motion to dismiss, and that the 2011 dismissal order relied on falsified materials and improperly failed to convert defendant's FRCP 12(b)(6) motion into a motion for summary judgment.

FRCP 54(b) provides that a district court may enter final judgment on individual claims in multiple claim actions upon an express determination that there is no just reason for delay. *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 954 (9th Cir. 2006). Hsu's FRCP 54(b) motion, however, requests the Court to revise its earlier rulings and to certify a class. The motion is incomprehensible and is not cognizable as an FRCP 54(b) motion. Even if brought properly under FRCP 54(b), the motion would still fail because final judgment has been entered in this case.

Because the motion merely repeats arguments previously rejected by the Court and fails to show that it has any merit under FRCP 54(b), the motion is **DENIED**.

### 2. ORDER TO SHOW CAUSE.

When a litigant's filings are numerous and frivolous, districts courts have the inherent power under 28 U.S.C. § 1651(a) to declare him or her a vexatious litigant and enter a pre-filing order requiring that future complaints be subject to an initial review before they are filed. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir 2007). Our court of appeals has cautioned that "such pre-filing orders are an extreme remedy that should rarely be used" because of the danger of "tread[ing] on a litigant's due process right of access to the courts." *Ibid.* Nevertheless, such pre-filing orders are sometimes appropriate because

"[f]lagrant abuse of the judicial process . . . enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

Defendant twice before moved for a pre-filing order. Despite rejecting both motions, the Court did warn Hsu, repetitively, about the risk of declaring him a vexatious litigant. The April 2018 order had warned "that [Hsu] ha[d] no right to file frivolous and harassing motions, and that doing so violates FRCP 11." That order also warned Hsu that if he "continue[d] with unmeritorious litigation, he [would] soon be declared a vexatious litigant." (Dkt. No. 87). The March 2019 order issued a final warning, that "[s]hould [Hsu] file *any* new filings that are duplicative of those that have already been definitively resolved in this case, he will be declared a vexatious litigant and will be required to submit for pre-filing review any *pro se* papers filed in this district against or having to do with defendant or any of its current or former employees." (Dkt. No. 94). Hsu, however, continues to file new motions with duplicative and repetitive arguments that have been rejected before. These filings are frivolous as well as indecipherable and incomprehensible and have unnecessarily consumed judicial time and resources.

Plaintiff is hereby **ORDERED TO SHOW CAUSE** why he should not be deemed a vexatious litigant subject to a pre-filing order. Responses, if any, to this order to show cause shall be due **NOVEMBER 24, 2021, AT 5:00 P.M.**. A hearing shall be held in person in Courtroom 12 on the 19th floor of 450 Golden Gare Avenue, San Francisco, CA 94102 on **NOVEMBER 29 AT 1:30 P.M.**

**IT IS SO ORDERED.**

Dated: November 10, 2021

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE