UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARRU K. HSU,

    Plaintiff,

v.

UBS FINANCIAL SERVICES, INC.,

    Defendant.

No. C 11-02076 WHA

**ORDER RE PREFILING REVIEW AS TO PLAINTIFF DARRU K. HSU**

### INTRODUCTION

This order arises from a putative class action dismissed in August 2011. For the reasons that follow, this order designates *pro se* plaintiff a vexatious litigant and **ORDERS PRE-FILING REVIEW** to the extent stated herein of future filings by plaintiff and about defendant.

### STATEMENT

The background of this case is set forth in our prior orders (Dkt. Nos. 35, 69, 94, 110, 116). In brief, plaintiff Darru K. Hsu entered into a wrap agreement with defendant UBS Financial Services, Inc. for investment and advisory services. Hsu brought this action under the Investment Advisers Act, alleging that USB provided services "in its capacity as an investment advisor," but that a "hedge clause" in his agreement with USB impermissibly required Mr. Hsu to waive certain rights under the Act (*see* Dkt. No. 17).

An August 2011 order dismissed Mr. Hsu's first amended complaint for failure to state a claim. Although the dismissal order permitted Mr. Hsu an opportunity to propose a second

amended complaint, Mr. Hsu did not amend, and judgment was eventually entered in favor of USB. Shortly thereafter, Mr. Hsu appealed. During the appeal process, Mr. Hsu terminated counsel and has since proceeded *pro se*. In February 2013, our court of appeals affirmed the dismissal for failure to state a claim, and later denied an en banc hearing. The Supreme Court denied a petition for a writ of certiorari in October 2013 (Dkt. Nos. 35, 41, 49–50, 54).

In January 2014, Mr. Hsu moved to set aside the judgment pursuant to FRCP 60(b)(6) and FRCP 60(d)(3). The motion was denied by a March 2014 order. In May 2017, our court of appeals denied an en banc rehearing, and noted that no further filings will be entertained in this closed case. The Supreme Court denied a petition for rehearing in December 2017 (Dkt. Nos. 57, 69, 74–79).

In February 2018, Mr. Hsu again moved to set aside the judgment pursuant to FRCP 60(b)(4). USB, in turn, moved to have Mr. Hsu declared a vexatious litigant. An April 2018 order denied both motions, finding that Mr. Hsu had failed to establish that relief from judgment was warranted and that the record failed to demonstrate that Mr. Hsu was a vexatious litigant. The order, however, warned Mr. Hsu that he would soon be declared a vexatious litigant if he continues with unmeritorious litigation (Dkt. Nos. 80–81, 87).

In January 2019, Mr. Hsu moved for reconsideration of the April 2018 order, and to "transfer jurisdiction" and to disqualify the undersigned judge. USB again moved to declare Mr. Hsu a vexatious litigant (Dkt. Nos. 89–92). A March 2019 order denied both motions, but also sent a final warning: should Mr. Hsu file *any* new filings that are duplicative of matters that have already been definitively resolved in this case, he would be declared a vexatious litigant (Dkt. No. 94). In October 2019, our court of appeals denied Mr. Hsu's motion for reconsideration, and again noted that no further filings will be entertained in this closed case. In April 2020, the Supreme Court denied a petition for writ of certiorari (Dkt. Nos. 97, 101–106).

In August 2020, Mr. Hsu moved for a writ to certify a class and appoint class counsel under the All Writs Act. A September 2020 order denied the motion (Dkt. Nos. 107, 109–110). An order filed on the same day entered judgment in favor of USB and against Mr. Hsu

2

(Dkt. No. 111). Mr. Hsu moved for leave to file a motion for reconsideration of the order denying his motion for writ. A November 2020 order denied the motion (Dkt. No. 113).

In July 2021, Mr. Hsu moved for entry of judgment pursuant to FRCP 54(b) (Dkt. No. 114). A November 2021 order denied the motion and requested Mr. Hsu to show cause why he should not be deemed a vexatious litigant, to which Mr. Hsu filed his response (Dkt. Nos. 116, 117).

A hearing was held in person on November 29, 2021. Defense counsel did not appear despite having received notice of the hearing. Mr. Hsu appeared on time and made a statement to the Court. After the hearing, this Court ordered the defense counsel to file a declaration to explain whether Mr. Hsu's statement at the hearing is persuasive or not (Dkt. No. 119). The order further noted that Mr. Hsu may reply in writing within 14 days of the defense filing.

USB timely filed a response. So did Mr. Hsu (Dkt. Nos. 123, 124).

USB correctly notes that Mr. Hsu raises issues that were brought or could have been brought before final judgment and that he "does not address the fact that the judgment became final after plenary exhaustion of all available appeals from the judgment, does not address the res judicata bar, does not address the interest in the finality of judgment, and does not state any reason why he should not be declared a vexatious litigant" (Dkt. No. 123).

In response, Mr. Hsu raises the same issues as before.

**ANALYSIS**

When a litigant's filings are numerous and frivolous, districts courts have the inherent power under 28 U.S.C. Section 1651(a) to declare the litigant vexatious and enter a prefiling order requiring that future complaints be subject to an initial review before they are filed. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). Our court of appeals has cautioned that "such pre-filing orders are an extreme remedy that should rarely be used" because of the danger of "tread[ing] on a litigant's due process right of access to the courts." *Ibid.* Exuberant *pro se* litigation does not suffice for a prefiling order. The litigant's claims must prove both numerous and patently meritless. *See Molski*, 500 F.3d at 1059. A prefiling order becomes appropriate when "[f]lagrant abuse of the judicial process . . . enables one

3

person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

Our court of appeals requires: (1) notice to the litigant, (2) an adequate record for review, (3) substantive findings of frivolousness, and (4) narrowly-catered orders. *De Long*, 912 F.2d at 1147–48; *see also Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014).

*First,* a litigant must have adequate notice and a chance to be heard before being declared a vexatious litigant. Here, Mr. Hsu received notice when the Court twice warned him that he was at risk of being declared a vexatious litigant (Dkt. Nos. 87, 94). Mr. Hsu was given the opportunity to file response and attend hearing to show cause why he should not be deemed a vexatious litigant (Dkt. Nos. 116, 117). He attended. Defense counsel did not, so after the hearing, counsel got an opportunity to respond in writing and explain the absence, and Mr. Hsu received an opportunity to reply (Dkt. No. 119). Mr. Hsu was afforded sufficient procedural due process. *See Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000). Accordingly, the first element has been satisfied.

*Second*, a district court must create a record for review which, at least, shows in some manner that the litigant's activities were numerous or abusive. Mr. Hsu's activities were numerous. Over the past ten years, Mr. Hsu filed many motions to reargue his closed case (in 2014, 2018, 2019, 2020, and 2021), relying on repetitive and incomprehensible arguments that the Court had already rejected. He has gone up on appeal six times: three times to our court of appeals (in 2011, 2014, and 2019) and three times to the Supreme Court (in 2013, 2017, and 2019), all without success.

*Third*, a district court must make substantive findings as to the frivolous or harassing nature of the litigant's actions. The November show-cause order detailed how Mr. Hsu was twice warned of the risk of the being declared a vexatious litigant (Dkt. No. 116). To reiterate, the April 2018 order had warned Mr. Hsu that he had no right to file frivolous and harassing motions, and that he would soon be declared a vexatious litigant if he continued with

unmeritorious litigation (Dkt. No. 87). The order from March 2019 gave Mr. Hsu a final warning that should he file *any* new briefs that duplicated arguments already definitively addressed in this case, he would be declared a vexatious litigant and will be required to submit for pre-filing review (Dkt. No. 94).

Mr. Hsu continued to file new motions with duplicative and repetitive arguments. For example, in his response to the show cause order and at the hearing, instead of explaining why he should not be deemed a vexatious litigant, Mr. Hsu again argued issues that were rejected many times before by the Court, including that defense counsel had falsified documents, USB's contract terms were deceptive, and that the Court lacked jurisdiction over this dispute (Dkt. Nos. 117, 124). Further, on reply, Mr. Hsu reargued various points about the existence of fraud, that a class should be certified, that the case should not have been subject to arbitration, that the Court should have deferred to agency interpretation, and that his motion for all writs should have prevailed (*see* Dkt. No. 124). Our record shows that meritless filings have consumed significant judicial resources.

*Fourth*, the prefiling order must be narrowly tailored to closely fit the specific abuse encountered. Here, this order will restrict its scope to restrain Mr. Hsu from "reopen[ing] litigation based on the facts and issues decided in" previous lawsuits brought against the same or nearly the same group of defendants. *Wood v. Santa Barbara Chamber of Commerce*, 705 F.2d 1515, 1526 (9th Cir. 1986).

Hsu has had full and fair opportunity to litigate his case. This order finds his response and statements at the hearing unpersuasive. If he decides to bring a future action, whether *pro se* or represented by counsel, he must satisfy the prefiling requirements and clearly and succinctly explain why his claims sidestep *res judicata*.

## CONCLUSION

For the reasons stated above, this order requires that future lawsuits against USB by Mr. Hsu first be screened by the undersigned judge in accordance with this prefiling order.

The Clerk of the Court is instructed not to automatically accept any further filings from Mr. Hsu, whether via counsel or himself, if they are:

(1) brought against UBS Financial Services, Inc., any of its current or former parents, subsidiaries, or affiliate companies, any of its current or former officers, directors, or employees; or

(2) brought against any of the attorneys or law firms that formerly or presently represent any of the parties in this or in past litigation.

**IT IS SO ORDERED.**

Dated: February 8, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE